UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Brandy K. Price,** | ) | **CASE NO. 1:14 CV 739** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Parma Municipal Court,** | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Brandy K. Price filed the above-captioned action, in which she attempts to remove a criminal case from the Parma Municipal Court. Price claims she did not violate the terms of her probation. She does not specify the relief she seeks.

Price also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

### BACKGROUND

Price attempted to remove her criminal case in the Parma Municipal Court to this federal court. She did not submit a pleading and she alleges very few facts in the documents she did provide. She filed an affidavit in which she states she has "been in compliance with the probation department as to the material fact that [she] received no notice of demand of family

counseling and drug alcohol assessment." (ECF No. 1-1 at 3). She further attests that she "has gone through family counseling via her biological father and others" and concludes without explanation that "[e]vidence of false positive urinary opiate drug tests has been documented in [the Parma Municipal Court]." (ECF No. 1-1 at 3). She alleges no other facts and asserts no legal claims.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

-2-

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

This case was not properly removed to federal court. A Defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To remove a civil action from state court to federal court, the Defendant must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the Defendant. 28 U.S.C. § 1446(a).

Price did not attempt to remove a civil action from state court; she attempted to remove her criminal prosecution. State criminal actions are not removable to federal court, in part because federal district courts do not have original jurisdiction over enforcement of state criminal statutes. 28 U.S.C. § 1441(a). These actions are solely within the jurisdiction of the state courts.

Moreover, the Court cannot construe this action as an attempt to assert some type of civil action with Price as the Plaintiff. She does not provide sufficient factual allegations, includes no legal causes of action, and does not request relief. Federal Civil Procedure Rule 8 requires pleadings to contain a short plain statement that places the Defendant on notice of the claims stated against them and the factual basis for those claims. Because the documents

supplied by Price are not sufficient to meet the basic pleading requirements of Rule 8, the Court cannot construe this as a civil action.

**CONCLUSION**

Accordingly, Price's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. Although Price filed a Notice of Removal of her criminal case to this Court, it does not appear that she followed the proper procedure for the removal to be effective. The docket of her Parma Municipal Court case contains no indication that the matter was removed, and indeed, establishes that her case progressed after Price filed this case.[1] Therefore, the case need not be remanded to the state court, and it is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/25/14

---

[1] Parma Municipal Court dockets can be viewed at: http://www.parmamunicourt.org/